| | |
|---|---|
| AUDIT, | Civil Action No. 2:25-cv-01707 |
| Plaintiff, | |
| v. | Judge Stickman |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS UNDER**
**RULE 12(b)(2) AND INCORPORATED MEMORANDUM OF LAW**

Four Defendants JUNJIE Co.Ltd (Def. No. 97), MIQIN Co.Ltd (Def. No. 49), BAOBIN Co.Ltd (Def. No. 99), baohanbao (Def. No. 67), (collectively, "Defendants"), by and through their undersigned counsel, file this Motion to Dismiss Plaintiff Lisa Audit's ("Plaintiff") Complaint against them pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction.

## I.    INTRODUCTION

Since the Exhibits of Defendant's Infringing Evidence [Dkt. No. 7] are under seal, Defendant has conducted a reasonable search of its sales records based on evidence provided by Plaintiff, which is presumed to be identical to the sealed Exhibits. Attached as **Exhibit 1**. Based on the evidence provided (*see* **Exhibit 1**), the product identified by Plaintiff as accused product sold by Defendant is as follows:

1

| Defendants | Accused Products | Walmart Product ID | Sales | Revenue |
|---|---|---|---|---|
| JUNJIE Co.Ltd | *Easter Decorations Clearance Easter Door Mat,Spring Bunny Egg Indoor Outdoor Non-Slip Doormat,Entryway Front Porch Kitchen Rabbit Welcome Mat(23.6x15.7inches)Cushion Cover Decorative Cotton Blend Linen Pillowcase for Sofa 18"X 18"* | 5266593473 | 0 | $0 |
| MIQIN Co.Ltd | *2Pcs Decorative Throw Pillows for Bed,Oil Painting Bird Hummingbird Throw Pillow Case Cushion CoverDecorative Cotton Blend Linen Pillowcase for Sofa 18"X18"* | 10259906480 | 0 | $0 |
| BAOBIN Co.Ltd | *Easter Decorations Clearance Easter Door Mat,Spring Bunny Egg Indoor Outdoor Non-Slip Doormat,Entryway Front Porch Kitchen Rabbit Welcome Mat(23.6x15.7inches)* | 5266593473 | 0 | $0 |
| JIAHONG Co.Ltd | *Qepwscx Happy Easter Door Mat Spring Bunny Eggs Flowers Floral Kitchen Mat Rabbit Non Slip Washable Kitchen Floor Sink Mats Decorations For Home Kitchen Clearance* | 5278934235 | 0 | $0 |

Following a diligent search, Defendants confirm that they have have made no sales at all. *See* Declaration of Linyun Pu, attached as **Exhibit 2**, at ¶3; Declaration of Jielin Zhang, attached as **Exhibit 3**, at ¶3; Declaration of Bin Fang, attached as **Exhibit 4**, at ¶3; Declaration of Lingyu Shi, attached as **Exhibit 5**, at ¶3.

Plaintiff's evidence submission, consisting of screenshots, which at most indicates that the accused products could be shipped to Pennsylvania, does not establish a *prima facie* showing of personal jurisdiction over Defendants.

Defendants acknowledge that their searches were conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff later alleges that Defendants sold additional accused products not presently identified, Defendants would undertake supplemental searches to determine whether any such sales occurred. On the current record,

however, there is no evidence that any Defendant sold or shipped the accused products into Pennsylvania.

Consequently, since Plaintiff has not made a *prima facie* showing of personal jurisdiction, Defendants respectfully request that the Court dismiss Plaintiff's claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## II.    PROCEDURAL BACKGROUND

On October 31, 2025, Plaintiff filed its Complaint, alleging that all defendants identified in Schedule "A," including Defendants, infringed on Plaintiff's copyrights. [Dkt. No. 1].

On January 26, 2026, Plaintiff filed under seal an *ex parte* Motion for 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on Schedule "A" to the Complaint. [Dkt. No. 7].

On January 27, the Court entered a sealed TRO. [Dkt. No. 17].

## III.    LEGAL STANDARDS

"Where a defendant moves to dismiss an action for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden to show that the court has personal jurisdiction over the moving defendant." *Murphy v. Rolex Watch USA, Inc.*, No. 1:23-CV-00086-SPB, 2024 U.S. Dist. LEXIS 84515, at *3 (W.D. Pa. May 9, 2024) (citing *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

"Courts reviewing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) conduct a burden-shifting analysis, initially 'accept[ing] all of the plaintiff's allegations as true and constru[ing] disputed facts in favor of the plaintiff.'" *Id.* (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) and *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). If defendant's motion "include evidence sufficient to challenge personal jurisdiction,"

3

the burden reverts to the plaintiff because, at this point, a Fed. R. Civ. P. 12(b)(2) motion "requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies." *Id*. (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd*., 735 F.2d 61, 66 n.9(3d Cir. 1984)).

## IV. ARGUMENTS

"The Due Process Clause of the Fourteenth Amendment constrains a state's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

This constitutional inquiry examines whether the defendant established minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477(1985). Such minimum contacts may be shown under two theories: <u>*general jurisdiction*</u> or <u>*specific jurisdiction*</u>." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

In the present case, Defendants do not have minimum contacts with Pennsylvania and as such neither general jurisdiction nor specific jurisdiction can be constitutionally exercised.

## A. <u>This Court lacks general jurisdiction over Defendants</u>

"To achieve general jurisdiction over an individual or corporation, affiliations with the forum state must be 'so continuous and systematic as to render them essentially at home in the forum state.'" *Koch v. Pechota*, 744 Fed. Appx. 105, 110 (3d Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117 127 (2014)). "[A]n individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." *Id*.

In the present case, this Court lacks general jurisdiction over Defendants, because Defendants do not have "continuous and systematic" contacts with Pennsylvania. All Defendants are Chinese entities incorporated in China and operate solely from China. *See* Ex. 2, ¶4; Ex. 3, ¶4;

Ex. 4, ¶4; Ex. 5, ¶4. They have "no office, employees, or agents in Pennsylvania" and have "not engaged in advertising, marketing, or held any telephone lines or listings in Pennsylvania." *See* Ex. 2, ¶5; Ex. 3, ¶5; Ex. 4, ¶5; Ex. 5, ¶5. Additionally, they do not "maintain any bank accounts or warehouse inventory in Pennsylvania and never used an internet service provider from Pennsylvania." *Id.*

Therefore, this Court lacks general jurisdiction over Defendants because Defendants lack continuous and systematic general business contacts with Pennsylvania.

**B.** **Specific Jurisdiction cannot be constitutionally exercised over Defendants**

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Judicial Court*, 592 U.S. 351, 352 (2021); *see also O'Keefe v. Rustic Ravines*, LLC, 2023 U.S. Dist. LEXIS 50913, 2023 WL 2602071, at *1-6 (W.D. Pa. Mar. 22, 2023).

"Even where the court finds that the defendant purposefully availed itself of the privilege of conducting activities in the forum state, its inquiry is not at an end. The court may exercise specific jurisdiction only if the plaintiff's claims arise out of or relate to the defendant's forum state contacts." *Murphy v. Rolex Watch USA, Inc.*, No. 1:23-CV-00086-SPB, 2024 U.S. Dist. LEXIS 84515, at *8 (W.D. Pa. May 9, 2024); *see also Phoenixx, L.P. v. Martin Alloys Corp.*, Civil Action No. 2:23-1230-RJC, 2024 U.S. Dist. LEXIS 103329, at *4 (W.D. Pa. June 11, 2024) ("Specific jurisdiction is appropriate only if the plaintiff's cause of action arises out of a defendant's forum-related activities, "such that the defendant 'should reasonably expect being haled into court'" in that forum.") (quoting *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996).

Moreover, the Third Circuit has held that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

Lastly, even if this Court finds a bare minimum of contacts with Pennsylvania, jurisdiction over Defendants is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

___*First*___, on this record there are no suit-related contacts with Pennsylvania. Defendants made no sales or shipments of the accused products into Pennsylvania. Their online storefronts are globally accessible, but there is no evidence of Pennsylvania-specific targeting, marketing, or transactions. Because Plaintiff's claims do not arise out of or relate to any Pennsylvania conduct by Defendants, specific jurisdiction is lacking and the claims should be dismissed under Fed. R. Civ. P. 12(b)(2).

___*Second*___, even if the Court were to find the barest minimum of contacts, the fairness factors weigh decisively against exercising jurisdiction. The burden on these China-based Defendants to litigate in Pennsylvania is substantial given their absence of forum ties.

Pennsylvania's interest in adjudicating this dispute is limited where neither party is located in the Commonwealth and no alleged sale or shipment occurred here. Notably, Plaintiff—who, upon information and belief, resides in Quebec, Canada (*see* **Exhibit 6**)—has no special claim to the convenience of this forum, and Defendants are entities incorporated in China and operate solely

from China.

Consequently, even if minimal contact is found to exist, this Court should decline to exercise jurisdiction as it would contravene traditional notions of fair play and substantial justice.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint against them.

Date: February 23, 2026

/s/ He Cheng

He Cheng | Attorney
Palmer Law Group, P.A.
110 East Boward Blvd, Suite 1700
Fort Lauderdale, FL 33301
rcheng@palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***